IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ALEXANDRA MOOREHEAD § | |
| § | |
| v. § | NO. 4:25-CV-00563-SDJ-BD |
| § | |
| GOODWILL INDUSTRIES OF § | |
| NORTHEAST TEXAS § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Alexandra Moorehead sued Goodwill Industries of Northeast Texas under the Fair Labor Standards Act and the Americans with Disabilities Act. Dkt. 36-2. Goodwill moved to dismiss her complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 38; *see* Dkts. 41 (response), 42 (reply). Simultaneously, it moved to stay proceedings or discovery pending the court's resolution of its motion to dismiss. Dkt. 39; *see* Dkts. 40 (response), 43 (reply).

Goodwill's motion to stay will be denied. Its motion to dismiss will be decided separately, in the ordinary course. But the court will also warn Moorhead of the risk she takes in relying on artificial intelligence.

**DISCUSSION**

**I. Motion to Stay**

A federal district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of . . . dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990); 6 James W. Moore et al., Moore's Federal Practice § 26.105[3][c] (3d ed. 2010)). But a discovery stay is "the exception rather than the rule." *Glazer's Wholesale*

*Drug Co., Inc. v. Klein Foods, Inc.*, No. 3-08-cv-0774-L, 2008 WL 2930482, at \* 1 (N.D. Tex. July 23, 2008).

When a defendant challenges jurisdiction, a stay is sometimes appropriate, *see Caroselli v. Serv. First Mortg. Co.*, No. 4:25-cv-00505-BD, 2025 WL 2161427, at \*1 (E.D. Tex. July 30, 2025); *N.H. v. Castilleja*, No. 4:22-cv-00436, 2023 WL 149989, at \*1, 4 (E.D. Tex. Jan. 10, 2023), as a court that lacks jurisdiction has no power to compel parties to engage in discovery, *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Turpin v. Cooper Tire & Rubber Co.*, No. 6:12-cv-02007, 2013 WL 12183278, at \*5 (W.D. La. Feb. 4, 2013). But when a motion to dismiss argues failure to state a claim, a stay is "almost never wise." *N.H.*, 2023 WL 149989, at \*4.

Goodwill has not demonstrated exceptional circumstances warranting a stay of discovery. It asserts that, "[t]hrough use of generative artificial intelligence," Moorehead has subjected it to "rapid-fire discovery requests and deficiency letters." Dkt. 39 at 1. But the number of discovery requests Moorehead has issued is within reasonable bounds. She has issued "29 requests for admission, 25 interrogatories, and 46 requests for production." Dkt. 39 at 4. That number of interrogatories is the number permitted by Federal Rule of Civil Procedure 33. Requests for admission and production are not limited in number, and although not every case calls for significant discovery, it is not unusual for dozens to be propounded.

Goodwill has either already answered or agreed on a plan to answer all of Moorehead's discovery requests. Dkt. 40 at 2. It would not suffer prejudice by answering discovery requests that it already intends to answer. And although Moorehead has requested that Goodwill supplement its answers in light of her third amended complaint, Dkt. 39-1 at 44–46; *see* Dkt. 36-2 (third amended complaint), it is obligated to supplement its responses only to the extent that the third amended complaint renders its answers "incomplete or incorrect" or moots an objection. Fed. R. Civ. P. 26(e)(1)(A). If Goodwill believes Moorehead's request for supplementation is overbroad, the proper next step is to confer with her. Loc. R. CV-7(h).

Goodwill's motion to dismiss argues that Moorehead has not pleaded sufficient facts to state a claim for relief. Dkt. 38. The motion to stay argues that a stay is justified because the motion to

2

dismiss is likely to be granted. Dkt. 39 at 5. But this is not the rare circumstance that warrants a stay of discovery pending resolution of a 12(b)(6) motion. Goodwill has not demonstrated significant prejudice it would face without a stay. So the court will not prejudice Moorehead's ability to investigate her claims.

## II. Moorehead's Use of Artificial Intelligence

The court must, however, also address another issue. Moorehead's response cites five cases or purported cases: *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *Turner v. Palo Alto Networks, Inc.*, 2023 WL 4567762 (E.D. Tex. 2023); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003); *In re Caterpillar Inc.*, 67 F.3d 815 (5th Cir. 1995); and *Waguespack v. Medtronic, Inc.*, 2020 WL 8673953 (E.D. Tex. 2020). Three of those purported cases—*Turner*, *In re Caterpillar*, and *Waguespack*—do not exist.

There is, in fact, a case styled *Waguespack v. Medtronic, Inc.*, 185 F. Supp. 3d 916 (M.D. La. 2016). But the Westlaw citation Moorehead provided links to *Renner v. Morris*, No. CV-20-00277-PHX-DLR (ESW), 2020 WL 8673953, at *1 (D. Ariz. Aug. 31, 2020). Neither case stands for the proposition Moorehead attributes to it. And although several cases contain the quotation Moorehead purports to find in *Waguespack*, none of them was decided by this or any other court within the Fifth Circuit, and none of them discusses a motion to stay discovery. There are also many cases styled "*In re Caterpillar Inc.*" But the court has identified no *In re Caterpillar Inc.* that stands for Moorehead's proposition or was decided by the Fifth Circuit. *Turner* does not exist at all. *Landis* and *Southwestern Bell* do exist. *Landis* even arguably stands for Moorehead's proposition, though it is in a different context. But *Southwestern Bell* does not.

The court suspects that these citations are the result of hallucinations by generative artificial intelligence. *See* Margie Alsbrook, *Untangling Unreliable Citations*, 37 Geo. J. L. Ethics 415, 446–47 (2024). That has become a regrettably common problem, wasting party and court resources alike. *E.g.*, *Wilt v. Whitehouse Police Dep't*, No. 6:25-cv-00117-JCB-JDL, 2025 WL 2795828, at *2 (E.D. Tex. July 16, 2025); *Boggess v. Chamness*, No. 6:25-cv-64-JDK-JDL, 2025 WL 978992, at *1

3

(E.D. Tex. Apr. 1, 2025); *Gauthier v. Goodyear Tire & Rubber Co.*, No. 1:23-cv-281, 2024 WL 4882651, at *1 (E.D. Tex. Nov. 25, 2024).

By signing and filing documents with the court, parties certify that their legal contentions are warranted by existing law. Fed. R. Civ. P. 11(b)(2). False citations contradict that certification and are tantamount to dishonesty. That Moorehead is pro se in no way relieves her of responsibility for the accuracy and quality of the documents she submits to the court. Loc. R. CV-11(g). The court relies on the honesty and accuracy of parties' briefing. Citing hallucinated cases undermines the integrity of the judiciary and the court's trust in litigants. It is unacceptable.

If Moorehead files another document that contains hallucinated or otherwise nonexistent citations, she will be subject to sanctions. *See* Fed. R. Civ. P. 11(c); *Pete v. Facebook Data Breach a/k/a/ Meta Platforms, Inc.*, No. 1:25-cv-00245-MAC, 2025 WL 2979701, at *3 n.5 (E.D. Tex. Oct. 22, 2025); *Lukose v. Bank of Am. N.A.*, No. 4:25-cv-00293-JDK-JDL, 2025 WL 2946090, at *5 n.2 (E.D. Tex. June 2, 2025), *report and recommendation adopted,* No. 4:25-cv-293-JDK-JDL, 2025 WL 2506281 (E.D. Tex. Sept. 2, 2025).

## CONCLUSION

It is **ORDERED** that Goodwill's motion to stay discovery, Dkt. 39, is **DENIED**. Moorehead is admonished as stated in this order.

So **ORDERED** and **SIGNED** this 18th day of November, 2025.

Bill Davis
United States Magistrate Judge